Sci. fa. against bail. The only question involved in this case arose upon a plea by the bail and demurrer thereto.
The bail pleaded that the principal, since the contracting and existence of the debt for which he was sued and for which defendant had become bail, had been taken upon several writs of ca. sa. at the instance of Gilbert Roy and others; and had, since the contracting and existence of said debt, availed himself of the provisions of an act of the (314) General Assembly entitled "An act for the relief of honest debtors," passed in 1820, and has been legally discharged from the said writs of ca. sa. Demurrer and joinder. *Page 173 
The court below, Norwood, J., presiding, sustained the demurrer, and defendant appealed from the judgment rendered according to sci. fa.
The defense relied upon in this case must necessarily be pleaded (315) specifically, for there is no provision in the act to authorize the defendant to give it in evidence on the general issue. Although the ancient strictness of pleading is dispensed with in our practice, yet when the defects of a plea are submitted to the consideration of the court upon a demurrer, they can be decided on only according to the principles and rules of pleadings, and these are less rigorous when applied to a plea of this sort than to most others; for if enough is set forth in the plea to show that the court had jurisdiction for the subject-matter, and that they discharged the insolvent, everything will be intended in support of their judgment; and they will be presumed to have judged right, unless the contrary appears from the record. But this plea is substantially defective in not setting forth matter sufficient to show that the court could entertain jurisdiction of the subject. Laws 1820, ch. 1067, authorizes a discharge as an insolvent only in those cases, wherein the defendant is arrested after 1 January, 1821, and as this act was repealed at the ensuing session of the Legislature, no person could be properly discharged but during the time while it continued in force. The plea only states that the principal was discharged since the contracting and existence of the debt sued for; but it ought to be distinctly set forth that he was arrested and discharged at a period while the act was in force; otherwise we cannot perceive that the court had any jurisdiction of the matter. If this essential circumstance appeared in the plea; it would be unnecessary to state the other facts leading to the discharge, for we should be bound to presume that in ordering the discharge the court acted properly. It is a rule in pleading that every plea must be so pleaded as to be capable of trial, and, (316) therefore, must consist of matter of fact, the existence of which may be tried by a jury or its sufficiency as a defense may be determined by the court on demurer, or of matter of record which may be tried by the record itself. 1 Chitty, 520. If, therefore, a fact be complicated with matter of law so that it cannot be tried by either court or jury, it is bad. The plea states that he was legally discharged from the arrest; but this cannot be tried by the jury, nor can the court determine whether he in fact was discharged, and the plea should have stated the material facts which preceded the discharge. The plea is also exceptionable in not specifying distinctly the discharge relied upon, for the act makes it lawful for the sheriff to discharge from the ca. sa. upon a bond being *Page 174 
tendered (section 1), which would be a legal discharge in addition to the one under section 4, upon the oath being administered. As it is a natural presumption that the party pleading will make as favorable a statement as possible for himself, it is a rule of construction that a plea which has two intendments shall be taken most strongly against the defendant. Co. Lit., 303b. Without noticing the other defects in the plea, it appears to me that these are so substantial as to be availed of on general demurrer, which ought, therefore, to be sustained and judgment rendered for the plaintiff.
HALL, J., assented.